UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROLLING THUNDER MOTORCYCLE RALLY, WASHINGTON, D.C., INC., P.O. Box 1873 Winchester, Virginia 22604<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOES 1-100, JANE DOES 1-100, and ABC COMPANIES 1-100, individuals and business entities,<br><br>Defendants. | ) | Civil Action No. 12-725(RMC)<br><br>**TEMPORARY RESTRAINING ORDER** |

**ORDER**

Upon the representations of Plaintiff in the papers on file herein, and good cause having been shown, the Court orders as follows:

## I. TEMPORARY RESTRAINING ORDER

**IT IS ORDERED** that, pending a hearing on Plaintiff's application for a preliminary injunction, Defendants, their officers, directors, principals, agents, servants, employees, successors and assigns, and all those in active concert or participation with them be, and they hereby are **TEMPORARILY RESTRAINED** from engaging in any or all of the following:

(1) directly or indirectly infringing Plaintiff's Federally Registered Copyright No. VAu 1-095-559, in any manner, including generally, but not limited to using, reproducing, manufacturing, advertising, selling, offering for sale or distributing any goods or merchandise that depict, picture or reproduce the ROLLING THUNDER artwork, as shown immediately below:










(2) applying any unauthorized replication, reproduction, piratical copy or colorable imitation of the ROLLING THUNDER artwork to any label, sign, print, package, wrapper, receptacle or advertisement used in connection with the manufacture, distribution, sale or offering for sale of any goods, apparel, merchandise or products;

(3) using any simulation, reproduction, piratical copy or colorable imitation of the ROLLING THUNDER artwork in connection with the promotion, advertisement, display, marketing, sale, offering for sale, manufacture, production, importation or distribution of any goods, apparel, merchandise or products in the District of Columbia; or which relate, connect, associate or tend to relate, connect or associate such goods, apparel, merchandise or products in

any way to Plaintiff, the ROLLING THUNDER motorcycle rally, or any supplier or distributor or authentic goods, apparel, merchandise or products authorized or licensed by Plaintiff bearing the ROLLING THUNDER artwork, or to any goods, apparel, merchandise or products sold, manufactured, sponsored, approved by or connected with any ROLLING THUNDER organization or related company;

(4) using any work, artwork, logo or design that tends to falsely represent, or is likely to confuse, mislead or deceive purchasers, Defendants' customers or members of the public that the unauthorized goods, apparel, merchandise or products manufactured, distributed, advertised, sold or offered for sale by Defendants originate from Plaintiff, or that said goods, apparel, merchandise or products are sponsored, approved, licensed, associated, connected or affiliated with Plaintiff or the official ROLLING THUNDER motorcycle rally;

(5) engaging in any conduct that tends falsely to represent, or is likely to confuse, mislead or deceive purchasers, Defendants' customers or members of the public that the actions of Defendants or Defendants themselves are sponsored, approved, licensed, connected or affiliated with Plaintiff or the official ROLLING THUNDER motorcycle rally;

(6) affixing, applying, annexing or using in connection with the manufacture, distribution, advertising, sale, offering for sale or other use of any goods, apparel, merchandise or products, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods, apparel, merchandise or products as being those of Plaintiff or any official organization or company associated with the ROLLING THUNDER motorcycle rally; and

(7) communicating about this action, directly or indirectly, with any person or persons from whom they purchased, to whom they sold, or whom they know possess, control or

have access to goods, apparel, merchandise or products, or parts or components thereof, bearing any piratical copy, unauthorized reproduction, imitation, simulation or likeness of the ROLLING THUNDER artwork.

## II. SERVICE

**IT IS FURTHER ORDERED,** that the Clerk shall issue summonses in this action naming Defendants John Does 1 through 100, Jane Does 1 through 100, and ABC Companies 1 through 100. The United States Marshal, or other law enforcement officials as appropriate, are hereby directed to personally serve the Verified Complaint, Summons, this Order and supporting papers on each Defendant, with all costs of such service to be paid by Plaintiff, and such service shall be deemed good and sufficient.

## III. ORDER TO SHOW CAUSE RE ACCELERATED DISCOVERY

**IT IS FURTHER ORDERED,** that Defendants SHOW CAUSE before the Court at such time as the Court may hereafter direct, or as soon thereafter as counsel can be heard, why an Order should not be entered pursuant to 15 U.S.C. § 1116 (d)(10)(B), as incorporated by reference into 17 U.S.C. § 503(a)(3), and Fed. R. Civ. P. 30 and 34, granting Plaintiff accelerated pretrial discovery on the topics of (a) the source or sources of the allegedly infringing merchandise heretofore offered for sale and sold by Defendants, (b) the identity of the person or persons to whom such merchandise has been transferred, (c) the quantity of such allegedly infringing merchandise now in Defendants' possession, custody or control, and (d) Defendants' profits in connection with the transfer of such allegedly infringing merchandise.

## IV. ANSWERING AND REPLY PAPERS

**IT IS FURTHER ORDERED,** that answering papers, if any, shall be filed and served upon the Plaintiff's counsel by delivering copies thereof to their offices on or before noon a.m / p.m. on June 4, 2012.

## V. DISSOLUTION OR MODIFICATION OF ORDERS

**IT IS FURTHER ORDERED,** that on two (2) business days notice to Plaintiff, or on such shorter notice to Plaintiff as the Court may prescribe, Defendants may appear and move for dissolution or modification of the *ex parte* Orders contained herein and that in such event, the Court shall proceed to hear and determine such motion as expeditiously as the ends of just require.

IT IS SO ORDERED this 17 day of May 2012.

Rosemary M Collyer
UNITED STATES DISTRICT JUDGE

ISSUED AT: Washington, DC 9:52 a.m / p.m.

Respectfully submitted by:

Jeffrey H. Kaufman (DC Bar No. 955286)
Jonathan Hudis (DC Bar No. 418872)
OBLON, SPIVAK, MCCLELLAND,
MAIER & NEUSTADT, L.L.P.
1940 Duke Street
Alexandria, Virginia 22314
(703) 413-3000
fax (703) 413-2220
e-mail: *jkaufman@oblon.com*
e-mail: *jhudis@oblon.com*

Counsel for Plaintiff
ROLLING THUNDER MOTORCYCLE
RALLY, WASHINGTON, D.C., INC.

JHK/JH/kli {3796634_1.DOC}